IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| ROBERT ALAN MADDEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-16-829-F |
| CLEVELAND COUNTY, et al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDTION

Plaintiff Robert Alan Madden, a state pretrial detainee appearing pro se and in forma pauperis, brings this federal civil rights action pursuant to 42 U.S.C. § 1983[1] alleging violations of his constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B). For the reasons set forth below, the Court finds Plaintiff's Complaint should be dismissed because it fails to state any plausible claims upon which § 1983 relief may be granted. Accordingly, it is recommended that Plaintiff's Complaint be dismissed and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

---

[1] Plaintiff also cites *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as a jurisdictional basis for this Complaint. *Bivens* serves as a basis for civil rights claims brought against federal officials and is not a proper jurisdictional basis for a civil rights action asserted by a state prisoner against defendants acting under color of state law. Additionally, Plaintiff states, "I wish to make all claims [sic] Habus [sic] Corpus fast and speedy trial." [Doc. No. 1] at 3. As relief, Plaintiff is seeking monetary damages and dismissal of the criminal charges against him. *Id.* at 8.

**I.     BACKGROUND AND CLAIMS PRESENTED**

Plaintiff is a currently incarcerated in the Cleveland County Detention Center in Norman, Oklahoma, awaiting trial on charges of Attempting to Elude Officer (Endanger Person); Concealing Stolen Property; Malicious Injury to Property; DUI Drugs; and Driving with No Valid Driver's License. [Doc. No. 1] at 8; *see also State v. Madden*, Case No. CF-2016-280, Cleveland County District Court.[2]

Plaintiff names nine defendants in this action. First, Plaintiff names Cleveland County as a defendant, even though he makes no specific allegations against the County. He also names Lieutenant Justin Pittman, an employee of the Cleveland County Sheriff's Office, and sues Defendant Pittman in both his individual and official capacities. The remaining defendants are Norman Police Officers Serena Melton, Deny Oesterling, Gary Hopcus, Aury Barrett, Derek Geiges, Gordon Herndon and Audra Overstreet, (collectively Norman Police Defendants), all sued in their individual and official capacities. In the body of his complaint, Plaintiff also identifies the "Cleveland County Court's D.A. and Judge" as "defendants." [Doc. No. 1] at 7.

Plaintiff's claims arise from his attempt to elude the Norman Police Defendants, his subsequent arrest, and the resulting criminal charges brought against him. In his first claim, Plaintiff contends he has a "right to be charged correctly" that has been violated. According to Plaintiff, he was "charged in the wrong county" because "Cleveland County Sheriff and Norman police [arrested him] in Oklahoma County." *Id.* Plaintiff contends the "Cleveland County Court's D.A. and Judge" are responsible for the alleged civil rights violation asserted in his first claim. *Id.* As relief, Plaintiff seeks damages against the district attorney and judge as well as dismissal of all charges against him in Case No. CF-2016-280. *Id.*

---

[2] The Court takes judicial notice of the Docket Sheet for this case. The docket sheet can be accessed at www.oscn.net.

In his second claim, Plaintiff alleges Defendant Pittman and the Norman Police Defendants were trespassing on F.B.I. property near Will Rogers World Airport in Oklahoma County, when they arrested him. According to Plaintiff, the arresting officers filed false reports regarding the placement of "No Trespassing" signs. *Id.* In support of his second claim, Plaintiff states:

> They was out of there [sic] jurisdiction Cleveland County Sheriffs and Norman police arrested me in Oklahoma County for driving in to the Gate of the F.B.I. in OK. Co false imprisonment [sic].

*Id.* at 9.

Additional information regarding the events leading to Plaintiff's arrest and resulting in the charges lodged against him is included in an Affidavit signed by one of the arresting officers.[3] The Affidavit was attached to the Information filed by the district attorney in Plaintiff's criminal case on February 16, 2016. Nothing in Plaintiff's Complaint conflicts with the allegations in the Affidavit.

According to the Affidavit, Norman police were dispatched to an area within the Norman city limits based on a call reporting a semi-truck that was driving on people's yards. The affiant made contact with the driver of the truck, ascertained the driver had no identification, and asked the driver to turn off the truck. Instead of complying with the officer's request, the driver gunned the motor and left the scene of the original stop. The officer, apparently joined by other Norman police officers, pursued the truck. Plaintiff drove into Oklahoma County with the officers in pursuit. The Affidavit states Plaintiff ran several red lights and forced other vehicles off the road. Plaintiff drove the truck through a locked gate onto FAA property at Will Rogers World Airport. Eventually, the truck drove onto a grassy area and became stuck. After initially

---

[3] The signature of the Affiant is illegible. The Affiant states, however, that he or she was dispatched to an area in the Norman city limits and was the first officer to encounter Plaintiff.

3

walking away from the truck and the officers, the Plaintiff eventually complied with their verbal commands and was taken into custody. Defendant Pittman was called to the scene to evaluate Plaintiff; he stated his opinion that Plaintiff was under the influence of stimulants and narcotic analgesics.

## II. SCREENING REQUIREMENT

Where, as here, a prisoner is seeking redress from a governmental entity or officer or employee of such entity, the court must review the Complaint as soon as practicable. 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims or dismiss the complaint in full or in part if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *see also* § 1915(e)(2)(B) (pertaining to actions brought in forma pauperis).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

A court may dismiss a claim as factually frivolous when the facts asserted are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." In other words, a finding of "factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable

4

facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotations and citations omitted). Determining whether an action is "frivolous" is left to the discretion of the court screening the complaint. *Id.* at 33.

A court's review of a complaint for failure to state a claim upon which relief may be granted under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

#### A. Claim One: Right to be Charged Correctly

Although no prosecutor or judge is named in the style of the case, Plaintiff alleges that the "Cleveland County Court's D.A. and Judge" were Defendants involved in his first claim. [Doc. No. 1] at 7. Plaintiff is apparently seeking damages against these defendants, and his claims are based solely on the fact that he is facing criminal charges in the Cleveland County District Court. Any claims brought against the Cleveland County District Attorney or Cleveland County Judge, however, must be dismissed with prejudice, as each of these defendants is entitled to absolute immunity.

### 1. Prosecutorial Immunity

The doctrine of absolute prosecutorial immunity bars Plaintiff's damage claim against the Cleveland County District Attorney. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994) (*citing Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993)). In bringing charges against Plaintiff, the Cleveland County District Attorney was engaged in activities that are "intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Thus, the Cleveland County District Attorney is entitled to prosecutorial immunity.

### 2. Judicial Immunity

The doctrine of absolute judicial immunity bars Plaintiff's claims against the Cleveland County Court Judge. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority...."). To determine whether a judge performed a "judicial" act or acted "in the clear absence of jurisdiction," the Tenth Circuit directs courts to look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Hunt*, 17 F.3d at 1266 (*quoting Stump*, 435 U.S. at 362). In this case, Plaintiff has alleged no facts suggesting the judge was performing anything other than judicial acts when Plaintiff's rights were allegedly violated.

Therefore, the Cleveland County Court Judge was "clothed with absolute judicial immunity." *Hunt*, 17 F.3d at 1266. And, as discussed above, absolute judicial immunity is not abrogated, even if the judge in question errs in his decisions.

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his first claim against the Cleveland County District Attorney and Cleveland County Court Judge should be dismissed with prejudice.

### B. Claim Two: False Imprisonment

The crux of Plaintiff's second claim is that the arresting officers were outside their jurisdiction when they arrested him. According to Plaintiff, his arrest in Oklahoma County, on land under the control of a federal agency, executed by Defendant Pittman and the Norman Police Defendants, has resulted in his false imprisonment. The claims are lodged against Defendant Pittman and the Norman Police Defendants in both their individual and official capacities. Although "Cleveland County" is named as a defendant in this action, Plaintiff has not explained why the County or its governing board of county commissioners should be held liable for the alleged civil rights violations.

#### 1. Dismissal of Cleveland County and Official Capacity Claims Against Defendant Pittman

Cleveland County should be dismissed as a defendant in this action. First, Plaintiff has failed to name the proper defendant. Under Oklahoma law, claims against a county must be asserted against its Board of County Commissioners. Okla. Stat. tit. 19, § 4. Moreover, even if Plaintiff had named the proper defendant—the Board of County Commissioners of Cleveland County—Plaintiff's claims would still be subject to dismissal for failure to state a claim upon which relief may be granted.

A local government subdivision (municipality) cannot be held liable for the unconstitutional conduct of its employees unless the plaintiff can identify a custom or policy, the enforcement of which caused the alleged constitutional injury. A plaintiff must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *See Board of County Commissioners of Bryan County, Oklahoma, v. Brown*, 520 U.S. 397, 403 (1997). Plaintiff has made no allegation that a policy or custom of the Board of County Commissioners for Cleveland County had anything to do with Plaintiff's arrest or the criminal charges lodged against him. *See Dobbs v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (claims not involving an allegation that the municipal action itself violated federal law require showing of a direct link between policy or custom and violation of federal rights). For these reasons, all claims against the Board of County Commissioners for Cleveland County should be dismissed without prejudice.

The same result applies to the official capacity claim brought against Defendant Pittman, an employee of the Cleveland County Sheriff's Department. A suit brought against an individual acting in his official capacity "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Moss v. Kopp*, 559 F.3d 1155, 1168 n. 2 (10th Cir. 2009). Thus, the official capacity claim against Defendant Pittman is no different than the suit against the county. *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) (official capacity claims against county sheriff is the same as bringing suit against the county). Because Plaintiff has not alleged Defendant Pittman acted pursuant to an unconstitutional practice or policy of the Cleveland County Board of County Commissioners, the claims against Defendant Pittman in his official capacity should also be dismissed.

### 2. Official Capacity Claims against Norman Police Defendants

The official capacity claims lodged against the Norman Police Defendants are also subject to dismissal. These claims are in effect claims against the City of Norman, Oklahoma. Local governing bodies (and local officials sued in their official capacities) can be sued directly under § 1983 for monetary, declaratory, and injunctive relief in situations where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision representing official policy. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 659 (1978). But to impose liability on the City of Norman for the actions of its police officers, Plaintiff would have to first demonstrate a direct causal link between a municipal action or policy and the deprivation of federal rights. *Id.* Plaintiff has not alleged such a policy or practice led to the violation of constitutional rights and has not, therefore, stated an official capacity claim upon which relief may be granted against the Norman Police Defendants. Thus, the official capacity claims against the Norman Police Defendants should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 3. Individual Capacity Claims against Norman Police Defendants and Defendant Pittman

Plaintiff's individual capacity claims against the Norman Police Defendants and Defendant Pittman are based on the contention that they did not have jurisdiction to arrest him in Oklahoma County. Both Plaintiff's Complaint and the Affidavit attached to the Information in Case No. CF-2016-280 state that Plaintiff was arrested after the truck he was driving crashed through a locked gate at Will Rogers World Airport. Plaintiff contends he was arrested on F.B.I. property and that the police officers were "trespassing." [Doc. No. 1] at 8.

But Plaintiff neglects to include in his recitation of facts that the Norman Police Defendants were pursuing him because they had observed him driving erratically in the city limits of Norman, committing various traffic violations in his attempt to elude them, and endangering other drivers until his truck came to a stop and he was arrested in Oklahoma County.

Generally, a police officer's authority does not extend beyond his jurisdiction. *Ross v. Neff*, 905 F.2d 1349, 1354 (10th Cir. 1990). "A warrantless arrest executed outside of the arresting officer's jurisdiction is analogous to a warrantless arrest without probable cause." *Id.* (citations omitted). For either to be permitted, exigent circumstances must be present. *Id.* One predetermined category of exigency is an officer in hot pursuit of a suspect. *See Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984) (*citing United States v. Santana*, 427 U.S. 38, 42–43, (1976)). "Hot pursuit means some sort of a chase, but it need not be an extended hue and cry in and about (the) public streets." *Santana*, 427 U.S. at 42–43, (internal quotation marks omitted). Hot pursuit occurs when an officer is in "immediate or continuous pursuit" of a suspect from the scene of a crime. *Welsh*, 466 U.S. at 753; *see also United States v. Schmidt*, 403 F.3d 1009, 1013 (8th Cir. 2005) (explaining that the government must demonstrate an "immediate or continuous pursuit" of the suspect from the scene of the crime in order for the warrantless arrest to fall within the hot pursuit exception to the warrant requirement).

The undisputed facts in this case support a conclusion that the arresting officers had been in continuous pursuit of Plaintiff from the time they first encountered him in the city limits of Norman, Oklahoma, until his arrest in Oklahoma County. Thus, Plaintiff's claim of false arrest or false imprisonment, based solely on his bare allegation that the Norman Police Defendants arrested him outside their jurisdiction, fails to state a claim upon which relief may be granted.

Accordingly, Plaintiff's individual capacity claims against the Norman Police Defendants and Defendant Pittman should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### C. Request for Habeas Relief

In addition to damages, Plaintiff seeks dismissal of all charges lodged against him in Case No. CF-2016-280. The dismissal of charges Plaintiff seeks is in the nature of habeas relief, and to obtain that relief, Plaintiff would have to file a Petition for Writ of Habeas Corpus.[4] This Court should decline to construe Plaintiff's Complaint as sounding in habeas and should dismiss any such claims without prejudice, however.

In *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), the Supreme Court held that federal courts should generally respect state functions and the independent operation of state legal systems by abstaining from the exercise of jurisdiction to intervene in state criminal prosecutions. Specifically, the *Younger* abstention doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing; (2) implicate important state interests; and (3) offer an adequate opportunity to hear federal constitutional claims. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

---

[4] As a pretrial detainee, Plaintiff would have to bring a habeas petition pursuant to 28 U.S.C. § 2241. The Tenth Circuit has recognized that 28 U.S.C. § 2241 confers jurisdiction on federal courts to consider pretrial habeas corpus petitions. *See Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993).

An exception to the mandatory abstention rule exists only "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *accord Younger*, 401 U.S. at 54 (creating exception upon "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief"); *see also Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989) (noting that abstention under *Younger* is mandatory if the above three conditions are met, absent extraordinary circumstances). According to *Younger*, the irreparable injury necessary to overcome the presumption of abstention must be "both great and immediate." *Younger*, 401 U.S. at 45 (quotation omitted). Further, although *Younger* involved an injunctive proceeding, *Younger* abstention principles are applicable to a habeas action seeking to stop a state prosecution. *See Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). A dismissal based upon *Younger* abstention is jurisdictional, *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004), and thus should be made without prejudice. *Wideman v. Colorado*, Nos. 07-1152, 07-1154, 242 Fed. Appx. 611, 615 (10th Cir. Oct. 1, 2007).

All three conditions mandating *Younger* abstention are present in this case. First, there is an ongoing state criminal proceeding in the District Court of Cleveland County in Case No. CF-2016-280. Additionally, the prosecution of detainees charged with violating state law unquestionably implicates an important state interest. *See, e.g., Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (invoking *Younger* abstention in a case involving a pending state criminal prosecution, noting that the doctrine was "designed to permit state courts to try state cases free from interference by federal courts" (internal quotation and citation omitted)). Finally, Plaintiff

has an adequate opportunity provided by Oklahoma law to present his federal constitutional claims in state court. Under Oklahoma law, a defendant in a felony case is entitled to a preliminary hearing to determine whether there is probable cause to hold him for a criminal prosecution. *See* Okla. Stat. tit. 22, § 258. The docket sheet for this action indicates that Plaintiff's preliminary hearing is scheduled. Oklahoma law recognizes that the right to counsel attaches at arraignment, *see Miller v. State*, 29 P.3d 1077, 1080 (Okla. Crim. App. 2001), ensures that counsel is provided for indigent defendants, *see generally* Okla. Stat. tit. 22, § 1355, and provides opportunities to address other pretrial matters, *see generally* Okla. Stat. tit. 22, ch. 7.

Moreover, if he is convicted, Plaintiff will have the opportunity to directly appeal his conviction and sentence where he can raise his federal constitutional claims, *see* Okla. Stat. tit. 22, § 1051, and he will also have the chance to present federal constitutional claims in a post-conviction application for relief. *See* Okla. Stat. tit. 22, § 1080. "[W]hen a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Thus, state court proceedings will provide ample opportunity for Petitioner to present his federal constitutional claims, and he has made no specific showing to the contrary.

Given that all three of the *Younger* abstention conditions are present in this case, the Court should decline to construe Plaintiff's Complaint as a habeas petition and should dismiss his habeas claims without prejudice.

## **RECOMMENDATION**

It is recommended that Plaintiff's Complaint be dismissed upon filing for failure to state a claim upon which relief may be granted.

To the extent Plaintiff has asserted claims against the Cleveland County District Attorney, and a Cleveland County Court Judge, those claims should be dismissed with prejudice. The Cleveland County District Attorney is entitled to absolute prosecutorial immunity, and the Cleveland County Court Judge is entitled to absolute judicial immunity.

Claims against Cleveland County and the official capacity claims against Defendant Pittman, as well as the official capacity claims against the Norman Police Defendants, should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

The individual capacity claims against Defendant Pittman and the Norman Police Defendants should also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

To the extent Plaintiff has raised claims sounding in habeas and seeking habeas relief, the Court should abstain from hearing those claims until the state court prosecution against Plaintiff is resolved, and Plaintiff has exhausted his state court remedies.

Finally, it is further recommended that this dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 7th day of November, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 17th day of October, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE