# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT ALAN MADDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-16-829-F |
| | ) |
| CLEVELAND COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On October 17, 2016, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation, recommending that plaintiff's civil rights complaint be dismissed upon filing for failure to state a claim upon which relief may be granted and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g). Magistrate Judge Jones specifically recommended that (1) to the extent plaintiff has asserted claims against the Cleveland County District Attorney and a Cleveland County Court Judge, those claims should be dismissed with prejudice based upon prosecutorial and judicial immunity, respectively; (2) plaintiff's claims against defendant, Cleveland County, and the official capacity claims against defendant Pittman, as well as the official capacity claims against the Norman Police Defendants, should be dismissed without prejudice for failure to state a claim upon which relief may be granted; (3) plaintiff's individual capacity claims against defendant Pittman and the Norman Police Defendants should be dismissed without prejudice for failure to state a claim upon which relief may be granted; and (4) to the extent plaintiff has raised claims sounding in habeas and seeking habeas relief, the court should abstain from hearing

those claims until the state prosecution against plaintiff is resolved, and plaintiff has exhausted his state court remedies.

On October 24, 2016, plaintiff filed an untitled document which the court clerk has construed as plaintiff's objection to the Report and Recommendation. *See*, doc. no. 9. In his filing, plaintiff cites various case and statutory authority. Plaintiff also requests that to the extent he has raised claims sounding in habeas relief, the court should abstain from hearing those claims until the state prosecution is resolved and the state court remedies have been exhausted. Although it is not clear from plaintiff's filing that he is actually objecting to any of the recommended rulings of Magistrate Judge Jones, the court nonetheless has conducted a de novo review of the Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1). Having done so, the court concurs with the recommended rulings. Therefore, the court accepts, adopts and affirms the Report and Recommendation in its entirety.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Bernard M. Jones on October 17, 2016 (doc. no. 8) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.

Plaintiff's civil rights complaint is dismissed upon filing for failure to state a claim. Specifically, to the extent plaintiff has asserted claims against the Cleveland County District Attorney and a Cleveland County Court Judge, those claims are **DISMISSED WITH PREJUDICE** based upon prosecutorial and judicial immunity, respectively. Plaintiff's claims against defendant, Cleveland County, and the official capacity claims against defendant, Justin Pittman, as well as the official capacity claims against defendants, Serena Melton, Deny Oesterling, Gary Hopcus, Aury Barrett, Derek Geiges, Gordon Herndon and Audra Overstreet, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff's individual capacity claims against defendant, Justin Pittman, and

2

against defendants, Serena Melton, Deny Oesterling, Gary Hopcus, Aury Barrett, Derek Geiges, Gordon Herndon and Audra Overstreet, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. To the extent plaintiff has raised claims sounding in habeas and seeking habeas relief, the court **ABSTAINS** from hearing those claims until the state prosecution against plaintiff is resolved, and plaintiff has exhausted his state court remedies.

The dismissal of plaintiff's civil rights complaint counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED October 27, 2016.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0829p001.wpd